IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOSE SALAZAR-MERCADO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV335 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Motion to Return Property, filed pursuant to Federal Rule of Criminal Procedure 41(g). (Docket Entry 2.) The United States of America filed a Motion to Dismiss arguing that it does not have possession of Plaintiff's property thereby depriving this Court of subject matter jurisdiction. (Docket Entry 12.) The Clerk of Court informed Plaintiff of his right to respond and to submit affidavits or other evidence as to any disputed factual matter (Docket Entry 14), but Plaintiff has not responded (see Docket Entries dated June 6, 2014 to present).[1] For the reasons that follow, the undersigned United States Magistrate Judge recommends granting the instant Motion to Dismiss.

---

[1] This Court's Local Rules permit treating an unopposed motion as conceded. See M.D.N.C. R. 7.3(k) ("If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."). However, the United States Court of Appeals for the Fourth Circuit requires substantive review of even unopposed motions to dismiss. Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416 n.3 (4th Cir. 2014).

BACKGROUND[2]

On May 25, 2010, the Moore County Sheriff's Office arrested Plaintiff for selling methamphetamine. United States v. Mercado, No. 1:10-cr-00300-WO-1, docket entry 15 at 2.[3] The Moore County Sheriff's Office, through a confidential source, had made several controlled purchases of methamphetamine from Plaintiff. Id. at 1. Plaintiff alleges that upon arrest the Moore County Sheriff's Office seized from him:

(a) various papers with his name on them;
(b) one wallet;
(c) $2,150.00;
(d) one check for $475.00 and one check for $380.00;
(e) one Mexican driver license;
(f) electoral credentials;
(g) two cellular telephones;
(h) three gold rings;
(i) two gold chains; and
(j) one gold bracelet, initialed "JMS".

(Docket Entry 2 at Section VI.) In his previous Motion for Return of Personal Property, Plaintiff sought the same items for return

---

[2] Plaintiff's Complaint does not set forth many facts, but he does note the existence of a criminal action associated with the seizure of his property, and that he had previously filed a Motion to Return Property. (Docket Entry 2 at Section IV). Therefore, this Memorandum Opinion will treat those matters as incorporated by reference. Cf. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (holding that pro se filings should be liberally construed). In addition, in evaluating a 12(b)(1) challenge, the Court need not limit itself to the allegations in the complaint. See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (citing Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

[3] Plaintiff stipulated to the accuracy of the above-cited factual basis. See United States v. Mercado, No. 1:10-cr-00300-WO-1, docket entry 25 at 19.

and noted their seizure occurred "on or about May 25, 2010[,]" and that the items "were on [his] person when [he] was arrested." United States v. Salazar-Mercado, 1:13-cv-00288-WO-LPA, docket entry 1 at 1.

Following that arrest, the United States charged Plaintiff with distributing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and possessing a firearm in furtherance of a drug trafficking offence in violation of 18 U.S.C. § 924(c)(1)(A)(i). See United States v. Salazar-Mercado, No. 1:10-cr-00300-WO-1, docket entry 11 at 2-3. Plaintiff pled guilty to those charges and received a sentence of 120 months imprisonment. Id. docket entry 20 at 1-2.

In moving to dismiss, the United States provided a more detailed (but essentially consistent) version of the facts than Plaintiff. (See Docket Entries 13-1, 13-2, 13-3.) Significantly, the United States emphatically agrees with Plaintiff that the Moore County Sheriff's Office arrested Plaintiff on May 25, 2010. (Docket Entry 13 at 2.) In addition, the United States presented an affidavit from a Records Examiner Analyst for the Drug Enforcement Administration ("DEA") who reviewed the case files and forfeiture records for the DEA and found that the DEA never seized any personal property from Plaintiff. (Docket Entry 13–1.)

DISCUSSION

Federal Rule of Criminal Procedure 41(g) states: "[a] person

3

aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return." However, "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). The burden of establishing jurisdiction rests upon the party asserting jurisdiction. Id. In order for a Court to have jurisdiction over a Rule 41(g) proceeding, the United States must have possessed the seized property. See Robinson v. United States, No. 3:11CV369, No. 3:04CR342, 2013 WL 682894, at *3 n.8 (E.D. Va. Feb. 22, 2013) (unpublished) (citing United States v. Downs, 22 F. App'x 961, 963 (10th Cir. 2001)).

In limited circumstances the United States may have constructively possessed property held by the state. See Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999), superseded in part by statute, Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, § 2, 114 Stat. 202, 208, as recognized in Kadonsky v. United States, 3 F. App'x 898, 904 n.6 (10th Cir. 2001).[4] Constructive possession arises "(1) where the government uses the property as evidence in the federal prosecution, or (2) where the federal government directed state officials to seize the property." Robinson, 2013 WL 682894 at *2 (citing Clymore).

---

[4] Clymore still remains good law for this proposition despite the significant changes to the forfeiture statute discussed in Clymore. See United States v. Copeman, 458 F.3d 1070, 1071-72 (10th Cir. 2006) (citing Clymore and engaging in a constructive possession analysis).

4

Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may take one of two forms. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). First, a party may make a facial challenge to the plaintiff's allegations concerning subject matter jurisdiction, thereby questioning the sufficiency of the complaint. Id. Alternatively, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. Id. In addressing a factual attack, the Court does not "presume the truthfulness of the complaint's factual allegations[,]" but "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." See Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).

In this case, the United States appears to mount both a facial and a factual attack, and, under either approach, this Court lacks jurisdiction. The undisputed facts show that the Moore County Sheriff's Office arrested Plaintiff, see United States v. Mercado, No. 1:10-cr-00300-WO-1, docket entry 15 at 2, and Plaintiff confirms that the seizure of his property occurred upon his arrest (see Docket Entry 2 at Section VII). In other words, Plaintiff's own admissions prove that the Moore County Sheriff's Office, not the DEA, seized the property at issue. Moreover, despite the invitation, Plaintiff did not submit any affidavits or other

evidence to demonstrate that the DEA subsequently took custody of said property. The affidavit from the DEA stating that they never seized any of Plaintiff's property thus stands uncontradicted. (Docket Entry 13-1, ¶ 3.) Accordingly, the record establishes as a matter of law that the United States never had actual possession of the property.

Furthermore, neither the Complaint nor the record support a claim for constructive possession. First, the United States did not use Plaintiff's property as evidence because Plaintiff forfeited his right to trial by pleading guilty. See Bennett v. United States, No. 3:11-CV-103, 2012 WL 1752409, at *3 (N.D.W.V. May 16, 2012) (unpublished) (finding that the plaintiff had pled guilty so a constructive possession claim would not lie). Further, Plaintiff has neither alleged nor produced any evidence to suggest that the United States directed the Moore County Sheriff's Office to seize Plaintiff's property.

Finally, the simple fact that the United States prosecuted Plaintiff in this Court does not mean he can maintain his Motion here. Bratton v. United States, No. 1:09 CV603, 2010 WL 3279302, at *1 (M.D.N.C. Aug. 19, 2010) (unpublished) recommendation adopted, 2010 WL 3783945 (M.D.N.C. Sept. 28, 2010) (unpublished). In sum, Plaintiff cannot claim that the United States constructively possessed his property.

CONCLUSION

Plaintiff has not borne his burden and demonstrated that this Court has jurisdiction over this case.

IT IS THEREFORE RECOMMENDED that the United States' Motion to Dismiss be granted and that this action be dismissed for want of subject matter jurisdiction.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 24, 2014